TERESA C. CHOW (SBN 237694)
ALEXANDER VITRUK (SBN 315756)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
Emails: *tchow@bakerlaw.com*
*avitruk@bakerlaw.com*

*Attorneys for Defendants*
JEFF ENGEL, ERIN LAVIGNA, TIMOTHY CIRAOLO, LAUREN HEDGPETH, SEAN HLAVAC, SANDRA PHILLIPS, JENNIFER LAWRENCE, KIM KENNEDY, HALLIE JOHNSON, and HALLIE JACOBS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JOHN DOE, individually and on behalf of all other persons similarly situated,

*Plaintiff,*

v.

JEFF ENGEL, ERIN LAVIGNA, TIMOTHY CIRAOLO, LAUREN HEDGPETH, SEAN HLAVAC, SANDRA PHILLIPS, JENNIFER LAWRENCE, KIM KENNEDY, HALLIE JOHNSON, and HALLIE JACOBS,

*Defendants.*

Case No.: 3:25-CV-02429-JES-VET

[Judge: Hon. James E. Simmons Jr.]

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR STAY CLASS ACTION COMPLAINT PURSUANT TO THE *COLORADO RIVER* DOCTRINE, OR IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(1) AND FRCP 12(B)(6)**

*[Filed concurrently with Declaration of Alexander Vitruk; [Proposed] Order Granting Motion; Request for Judicial Notice; and [Proposed] Order Granting Request for Judicial Notice]*

Date: 2/4/2026
Time: 10:00 am
Dept: 4B

Complaint Filed: September 16, 2025

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 4, 2026, at 10:00 am, or as soon thereafter as this matter may be heard in Courtroom 4B on the 5th floor of the above-captioned court, located at 221 West Broadway, San Diego, CA 92101, Defendants Jeff Engel, Erin Lavigna, Timothy Ciraolo, Lauren Hedgpeth, Sean Hlavac, Sandra Phillups, Jennifer Laurence, Kim Kennedy, Hallie Johnson, and Hallie Jacobs ("Defendants") will and hereby move to dismiss with prejudice the Class Action Complaint ("Complaint") of Plaintiff John Doe ("Plaintiff").

Defendant respectfully submits this Motion pursuant to the *Colorado River* Doctrine and asks that the Court dismiss or stay this action until resolution of *Nancy Porter et al. v. The Regents of the University of Californi*a*, d/b/a UC San Diego Health and Does 1 through-10, inclusive*, No. 37-2023-00011636-CU-NP-CTL (San Diego Super. Ct.), or in the alternative, to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that Plaintiff lacks Article III standing and Plaintiff fails to allege sufficient facts to plead violation of the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq* ("Wiretap Act") and an invasion of privacy claim under the California Constitution.

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Request for Judicial Notice in Support of this Motion, the Declaration of Alexander Vitruk in Support of this Motion, all pleadings, papers and records on file in this Action, and such other oral argument and documentary evidence as may be presented at or before the time of adjudication of this Motion.

Pursuant to the Court's Civil Chamber Rules, Section III(A), undersigned counsel for Defendants hereby certifies that on November 20, 2025, counsel for Defendants and counsel for Plaintiff met and conferred via video conference regarding the substance of the instant Motion. The meet and confer did not resolve the issues

raised in this Motion.

Dated: December 15, 2025, Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: ______________________
Teresa C. Chow
Alexander Vitruk

*Attorneys for Defendants*
JEFF ENGEL, ERIN LAVIGNA, TIMOTHY CIRAOLO, LAUREN HEDGPETH, SEAN HLAVAC, SANDRA PHILLIPS, JENNIFER LAWRENCE, KIM KENNEDY, HALLIE JOHNSON, and HALLIE JACOBS

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION .......... 1

II. RELEVANT BACKGROUND .......... 2

III. LAW AND ARGUMENT .......... 4

A. Legal Standard .......... 4

i. Colorado River Doctrine. .......... 4

ii. Lack of standing under FRCP 12(b)(1). .......... 5

iii. Failure to state a claim under FRCP 12(b)(6). .......... 5

B. The Court Should Dismiss or Stay The Instant Action Pursuant to The *Colorado River* Doctrine Pending a Final Decision in The *Porter* Action .......... 5

C. Plaintiff Lacks Concrete Injury to Establish Article III Standing .......... 9

D. Defendants Are Immune From Liability Under California Government Code § 820.2 .......... 12

E. Plaintiff Fails to State a Claim for Wiretapping Under Rule 12(b)(6) .......... 14

i. There are no actual facts of wrongdoing alleged against any individual Defendant. .......... 14

ii. Plaintiff fails to allege any unlawful interception. .......... 15

iii. Plaintiff fails to allege contemporaneous interception. .......... 18

iv. There can be no civil liability for allegedly "procur[ing]" or aiding and abetting an alleged interception through Google Analytics, Fullstory Session Replay, or the Meta Pixel. .......... 20

v. Plaintiff fails to allege any plausible interception of "contents." .......... 21

F. Plaintiff Fails to State a Claim Under Rule 12(b)(6) for Invasion of Privacy Under California's Constitution .......... 24

IV. CONCLUSION .......... 25




BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

Page(s)

**State Cases**

*Caldwell v. Montoya*,
10 Cal. 4th 972 (1995) .......... 13

*City of Whittier v. Everest Nat'l Ins. Co.*,
97 Cal. App. 5th 895 (2023), as modified on denial of reh'g (Dec. 26, 2023), review filed (Jan. 12, 2024) .......... 14

*Covenant Care, Inc. v. Super. Ct. (Inclan)*,
32 Cal.4th 771 (2004) .......... 14

*Hernandez v. Hillsides, Inc.*,
47 Cal.4th 272 (2009) .......... 24

*Johnson v. State*,
69 Cal. 2d 782 (1968) .......... 12, 13

*Keyes v. Santa Clara Valley Water Dist.*,
128 Cal.App.3d 882 (1982) .......... 13

*Nancy Porter et al. v. The Regents of the University of California, d/b/a UC San Diego Health and Does 1 through-10, inclusive*,
No. 37-2023-00011636-CU-NP-CTL .......... *passim*

*Saltares v. Kristovic*,
6 Cal. App. 3d 504 (1970) .......... 13

*San Mateo Union High School Dist. v. Cnty. of San Mateo*,
213 Cal. App. 4th 418 (2013) .......... 18

**Federal Cases**

*Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*,
843 F.2d 1253 (9th Cir. 1988) .......... 7, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 5, 23

*B.K. v. Eisenhower Med. Ctr.*,
721 F. Supp. 3d 1056 (C.D. Cal. 2024) .......................................... 15, 17, 23, 24

*Beckington v. Am. Airlines, Inc.*,
926 F.3d 595 (9th Cir. 2019) ........................................................................ 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................... 5

*Burtch v. Milberg Factors, Inc.*,
662 F.3d 212 (3d Cir. 2011) ........................................................................ 23

*Byars v. Sterling Jewelers, Inc.*,
No. 5:22-cv-01456, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ..................... 10

*In re Carrier IQ, Inc., Consumer Privacy Litig.*,
78 F. Supp. 3d 1051 (N.D. Cal. 2015) ............................................................ 21

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010) ....................................................................... 5

*Colorado River Water Conservation Dist., et al. v. U.S.*,
424 U.S. 800 (1976) ............................................................................. *passim*

*Depot, Inc. v. Caring for Montanans, Inc.*,
915 F.3d 643 (9th Cir. 2019) ........................................................................ 5

*Doe 1 v. AOL LLC*,
No. C 06-5866 SBA, 2010 WL 431890 (N.D. Cal. Feb. 1, 2010) ....................... 8

*Doe 1 v. Chestnut Health Sys., Inc.*,
No. 1:24-CV-01475-JEH-RLH, 2025 WL 1616635 (C.D. Ill. June 6, 2025) ........................................................................................ 18

*Doe v. Eating Recovery Center LLC*,
No. 23-cv-05561-VC, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025) ... 18, 19, 20

*Doe v. Genesis Health Sys.*,
No. 4:23-cv-04209-JEH, 2025 WL 1000192 (C.D. Ill. Mar. 18, 2025) ........................................................................................ 18

*Doe v. Kaiser Found. Health Plan, Inc.*,
No. 23-cv-02865, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) ..................... 16



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 930–31 (N.D. Cal. 2015) ........ 22

*In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159 (S.D. Cal. 2010) ........ 21

*In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836 (N.D. Cal. 2017), *aff'd in part, rev'd in part, and remanded by* 956 F.3d 589 (9th Cir. 2020) ........ 14

*In re Google Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125 (3rd Cir. 2015) ........ 15, 16

*In re Google Inc. Gmail Litig.*, No. 13-MD-02430, 2014 WL 1102660 (N.D. Cal. Mar. 18, 2014) ........ 20

*Goulart v. Cape Code Healthcare, Inc.*, No. 25-10445-RGS, 2025 WL 1745732 (D. Mass. June 24, 2025) appeal docketed, No. 25-1672 (1st Cir. July 23, 2025) ........ 18

*Hartley v. Urb. Outfitters, Inc.*, 740 F. Supp. 3d 410 (E.D. Pa. 2024) ........ 12

*Herzer v. Redstone*, No. 17-CV-7545 PSG, 2018 WL 5094933 (C.D. Cal. July 10, 2018) ........ 21

*Hubbard v. Google LLC*, No. 19-cv-07016-SVK, 2024 WL 3302066 (N.D. Cal. July 1, 2024) ........ 24

*Hughes v. Vivint, Inc.*, No. CV 24-3081-GW-KSx, 2024 WL 5179916 (C.D. Cal. July 12, 2024), adopted, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024) ........ 10

*In re iPhone Application Litig.*, 844 F. Supp. 2d 1040 (N.D. Cal. 2012) ........ 25

*John Roe, et al. v. Amgen Inc.*, No. 2:23-cv-07448-MCS-SSC, 2024 WL 2873482 (C.D. Cal. June 5, 2024) ........ 15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Karen McManus v. Tufts Med. Ctr., Inc.*,
No. 25-cv-10008-ADB, 2025 WL 2778025 (D. Mass. Sept. 29, 2025) .......... 18

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) .......... 17

*Khamooshi v. Politico LLC*,
786 F. Supp. 3d 1174 (N.D. Cal. 2025) .......... 12

*Kirch v. Embarq Mgmt. Co.*,
702 F.3d 1245 (10th Cir. 2012) .......... 21

*Kishnani v. Royal Caribbean Cruises Ltd.*,
No. 25-cv-01473, 2025 WL 1745726 (N.D. Cal. June 24, 2025) .......... 11, 21

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) .......... 18

*Kurowski v. Rush Sy. for Health*,
659 F. Supp.3d 931 (N.D. Ill. Mar. 3, 2023) .......... 25

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025) .......... 17

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F. Supp. 3d 1072 (C.D. Cal. 2023) .......... 20

*Lightoller v. Jetblue Airways Corp.*,
No. 23-cv-00361, 2023 WL 3963823 (S.D. Cal. June 12, 2023) .......... 10

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) .......... 24, 25

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) .......... 5

*Mann v. Santa Clara Valley Water Dist.*,
No. C 11-04774 JW, 2012 WL 178338 (N.D. Cal. Jan. 19, 2012) .......... 4

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021) .......... 20

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011) ........ 12

*Mikulsky v. Bloomingdale's, LLC*,
No. 3:23-cv-00425-L-VET, 2024 WL 337180 (S.D. Cal. Jan. 25, 2024) ........ 22, 24

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023) ........ 20

*Mintz v. Mark Bartelstein & Assocs. Inc.*,
906 F. Supp. 2d 1017 (C.D. Cal. 2012) ........ 20

*Nakash v. Marciano*,
882 F.2d 1411 (9th Cir. 1989) ........ 8, 9

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016) ........ 15, 22

*Nienaber v. Overlake Hosp. Med. Ctr.*,
733 F. Supp. 3d 1072 (W.D. Wash. 2024) ........ 15

*Nienaber v. Overlake Hosp. Med. Ctr.*,
No. 2:23-cv-01159-TL, 2025 WL 692097 (W.D. Wash. Mar. 4, 2025) ........ 17, 25

*NovelPoster v. Javitch Canfield Grp.*,
140 F. Supp. 3d 938 (N.D. Cal. 2014) ........ 8, 19, 20

*Peavy v. WFAA-TV, Inc.*,
221 F.3d 158 (5th Cir. 2000) ........ 21

*Pena v. GameStop, Inc.*,
670 F. Supp. 3d 1112 (S.D. Cal. 2023) ........ 15, 17

*Perez v. Nidek Co.*,
657 F. Supp. 2d 1156 (S.D. Cal. 2009) ........ 4

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022) ........ 16

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ........ 10, 11



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*R.R. St. & Co. v. Transp. Ins. Co.*,
656 F.3d 966 (9th Cir. 2011) ........ 8

*Rodriguez v. Culligan Int'l Co.*,
No. 25-CV-00225-AJB-KSC, 2025 WL 3064113 (S.D. Cal. Nov. 3, 2025) ........ 11

*Rodriguez v. Google LLC*,
No. 20-cv-04688, 2021 WL 2026726 (N.D. Cal. May 21, 2021) ........ 20

*Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*,
554 F. Supp. 277 (C.D. Cal. 1983) ........ 6

*Saeedy v. Microsoft Corp.*,
No. 23-cv-1104, 2023 WL 8828852 (W.D. Wash. Dec. 21, 2023) ........ 25

*Seneca Ins. Co. v. Strange Land, Inc.*,
862 F.3d 835 (9th Cir. 2017) ........ 6, 8

*Smith v. Facebook, Inc.*,
262 F. Supp.3d 943 (N.D. Cal. 2017) ........ 19

*Spokeo, Inc. v. Robbins*,
578 U.S. 330 (2016) ........ 9, 10, 11

*Sussman v. Am. Broad. Cos.*,
186 F.3d 1200 (9th Cir. 1999) ........ 16

*Sweat v. Houston Methodist Hosp.*,
No. H-24-775, 2025 WL 2697111 (S.D. Tex. Sept. 22, 2025) ........ 18

*Torres v. Prudential Financial*,
No. 22-cv-7465, 2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) ........ 19, 20

*In re Toys R Us, Inc., Privacy Litig.*,
No. 00-CV-2746, 2001 WL 34517252 (N.D. Cal. Oct. 9, 2001) ........ 21

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ........ 9, 10

*Travelers Indem. Co. v. Madonna*,
914 F.2d 1364 (9th Cir. 1990) ........ 6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Weston v. Lefiti*,
No. 23-cv-0896-L-DDL, 2023 WL 8458249 (S.D. Cal. Dec. 5, 2023) ........ 21

*Williams v. TMC Health*,
No. CV-23-00434-TUC-SHR, 2024 WL 4364150 (D. Ariz. Sept. 30, 2024) ........ 25

*Zarif v. Hwareh.com, Inc.*,
789 F. Supp. 3d 880 (S.D. Cal. 2025) ........ 17

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014) ........ 22, 24

**State Statutes**

Cal. Civ. Code § 56 *et seq.* ........ 3

Cal. Gov. Code § 820.2 ........ 12, 13

Cal. Penal Code § 630 *et seq.* ........ 2

**Federal Statutes**

18 U.S.C. § 2510(8) ........ 21

18 U.S.C. § 2511 *et seq.* ........ *passim*

18 U.S.C. § 2520 *et seq.* ........ 21

HIPAA ........ 16

**Federal Rules**

Fed. R. Civ. P. 12 ........ 5, 14, 24

**Other Authorities**

California Constitution ........ 16, 24

U.S. Const. art. III ........ 5, 9, 10, 11, 12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In a nearly identical state court action pending in the Superior Court of San Diego (the "State Court"), *Nancy Porter et al. v. The Regents of the University of California, d/b/a UC San Diego Health and Does 1 through-10, inclusive*, No. 37-2023-00011636-CU-NP-CTL, ("*Porter* Action"), the ***same*** Plaintiffs' counsel were ***denied*** leave to amend to add the ***same*** individual defendants that are now named in this federal action. *See* Request for Judicial Notice in Support of Defendants' Motion to Dismiss ("RJN"), Ex. A, *Porter* Action, ROA 150, 8/22/2025 Notice of Entry of Order. In an effort to circumvent that state court decision, this same Plaintiff's counsel has filed the instant federal suit in hopes of obtaining a more favorable ruling.

Plaintiff John Doe ("Plaintiff") brings this putative class action against defendants Jeff Engel, Erin Lavigna, Timothy Ciraolo, Lauren Hedgpeth, Sean Hlavac, Sandra Phillups, Jennifer Laurence, Kim Kennedy, Hallie Johnson, and Hallie Jacobs ("Defendants") on the flawed premise that The Regents of the University of California, d/b/a UC San Diego Health's ("UCSD Health") alleged use of Google Analytics, Fullstory Session Replay, and Meta Pixel—widely adopted and standard website technologies—constitutes an illegal wiretap. The Defendants are alleged employees of USCD Health. No factual allegations are asserted against them.

Plaintiff merely alleges that when he visited UCSD Health's public website, https://health.ucsd.edu/ (the "Website") and "the patient portal"[1] to "schedule medical appointments, obtain medications, obtain test results, research specialty doctors, and schedule imaging" (Compl. ¶ 90), various data points, such as device information, IP addresses, and records of his views, clicks, and Website searches were sent to Google LLC ("Google"), Fullstory, and Meta Platforms, Inc. ("Meta") without his consent.

[1] Plaintiff defines https://health.ucsd.edu/ and the patient portal as the "Website" (Compl. ¶ 2) and thus it is unclear whether Plaintiff's allegations pertain to the public website and/or the patient portal.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Id.* ¶¶ 83, 84, 92, 96, 138. Plaintiff's Complaint suffers from a fundamental defect: Plaintiff fails to allege any actual harm he suffered resulting from the purported misconduct—no identity theft, no financial loss, and no concrete damages of any kind.

Given Plaintiff's transparent effort to evade the State Court's jurisdiction and engage in forum shopping, Defendants respectfully ask this Court to apply the *Colorado River* Doctrine and dismiss or stay the instant action pending a final judgement in the *Porter* Action. Alternatively, given the above-identified pleading deficiencies, Defendants respectfully ask this Court to dismiss the Complaint for multiple independent reasons under Rules 12(b)(1) and 12(b)(6).

For these reasons, and as further explained below, this Court should grant Defendants' Motion and dismiss Plaintiff's Complaint with prejudice, or at minimum stay the instant action pending final judgment in the *Porter* Action.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## II. RELEVANT BACKGROUND

Following the *Porter* State Court Action's decision ***denying*** Plaintiff's counsel leave to amend to add the ***same*** individual defendants as here and assert a California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq*. claim against them, Plaintiff brought the instant suit in a blatant effort to circumvent the State Court's order.

The *Porter* plaintiffs previously brought a cause of action for violation of California's wiretapping act (the CIPA), which provides for statutory damages, against UCSD Health. *Porter* Action, 11/30/2023, ROA 103. However, on February 2, 2024, the State Court sustained UCSD Health's demurrer as to the CIPA claim ***without*** leave to amend. RJN, Ex. C, ROA 92, 2/2/24, Order Sustaining Demurrer. In an effort to circumvent that ruling, on April 1, 2025, plaintiffs moved for leave to amend to add the same individual defendants as here and assert claims against them for violation of the CIPA. On August 22, 2025, the State Court denied plaintiffs' motion. RJN, Ex. A. Twenty-four days later, Plaintiff brought the instant suit.

The facts alleged in the instant suit and the *Porter* Action are nearly identical. *See* RJN, Ex. B, Plaintiffs' First Amended Consolidated Class Action Complaint ("FACC"); *id.*, *compare with* Compl. Both actions involve allegations relating to UCSD Health's alleged use of of the same third party analytics tools on its Website - Google Analytics, Fullstory Session Replay, and Meta Pixel. *Id*. Additionally, the putative class definitions also overlap between the actions. The plaintiffs in the *Porter* Action seek to represent a class defined as "California citizens who, during the Class Period, had their Private Information improperly intercepted by, or otherwise disclosed to, third parties as a result of using the Regents' Website" (RJN, Ex. B, FACC ¶ 170), and the Plaintiff in the instant action seeks to represent a putative class of "[a]ll persons in the United States who, during the class period, had their Private Information improperly intercepted by, or otherwise disclosed to, third parties as a result of using the Website." Compl. ¶ 109.

Further, the causes of action in the instant suit and the *Porter* Action overlap. Here, Plaintiff asserts two causes of action for violation of the federal Wiretap Act and invasion of privacy under California's Constitution (*see* generally Compl.), and the FACC in the *Porter* Action alleges causes of action for (1) invasion of privacy under California's Constitution; (2) intrusion upon seclusion; and (3) California's Confidentiality of Medical information Act, Cal. Civ. Code § 56, *et seq*. RJN, Ex. B.

As in the *Porter* Action, Plaintiff here alleges that software implemented on UCSD Health's Website permits "confidential and sensitive communications," "sensitive information", "confidential communications" "Private Information," and "PII and PHI" to be transmitted from a user's web browser to third parties like Google, Fullstory, and Meta. Compl. ¶¶ 5, 83, 84, 86, 87, 92–94, 106–108, 127, 134, 138–140. Yet the facts alleged in the Complaint do not support these conclusory allegations. Speculating about a hypothetical "patient" who visits the Website, Plaintiff alleges that when "a patient" visits the Website and "searches for 'pregnant'

on information and belief, that exact text query was intercepted by or otherwise disclosed to, unauthorized third parties, including Facebook, Google, and Fullstory, in the form of a full-string, detailed URL." *Id.* ¶ 69. However, Plaintiff does not allege that the Defendants implemented Google Analytics, Fullstory Session Replay, or the Meta Pixel on any secure, authenticated patient portal (*see* generally Compl.),[2] which is where UCSD Health patients can communicate with their doctors, access test results, request prescription refills, manage appointments, and make payments.[3] Plaintiff merely alleges that he "used the Website to, *inter alia*, to schedule medical appointments, obtain medications, obtain test results, research specialty doctors, and schedule imaging." Compl. ¶ 90. He also allegedly "used the Website to search for a neurologist to treat his concussion." *Id.*

Each of the individual Defendants are alleged current or former employees of UCSD Health. *Id.* ¶¶ 3, 25, 106, 11–20. Instead of alleging any discrete facts of wrongdoing against the individual Defendants, Plaintiff merely alleges vague descriptions of their responsibilities at UCSD Health, nothing more. *Id.* ¶¶ 11–20.

## III. LAW AND ARGUMENT

### A. Legal Standard

#### *i. Colorado River Doctrine.*

Under the *Colorado River* doctrine, federal courts may stay or dismiss an action in "deference to pending state proceedings." *Perez v. Nidek Co.*, 657 F. Supp. 2d 1156, 1167 (S.D. Cal. 2009). Additionally, "[a]bstention is not appropriate unless the state and federal actions are 'substantially similar.'' *Id.* (citation omitted). "The decision whether to stay an action is necessarily left to the discretion of the district court in the first instance." *Mann v. Santa Clara Valley Water Dist.*, No. C 11-04774

---

[2] The closest Plaintiff comes to that allegation is paragraph 11, which merely refences that the individual defendant, Jeff Engel, "program[s]" "Tracking Code on the website (including the Website's patient portal)."

[3] https://myucsdchart.ucsd.edu/ucsd/Authentication/Login (last accessed Nov. 30, 2025).



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

JW, 2012 WL 178338, at *2 (N.D. Cal. Jan. 19, 2012) (abstaining from consideration of plaintiff's complaint under *Colorado River*) (internal quotations and citation omitted).

***ii. Lack of standing under FRCP 12(b)(1).***

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for lack of subject-matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The plaintiff bears the burden of establishing standing under Article III of the Constitution, which requires an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (int. cit. omitted). The injury must be "fairly traceable to the challenged action of the defendant," and it must be likely "that the injury will be redressed by a favorable decision." *Id.* at 560–61.

***iii. Failure to state a claim under FRCP 12(b)(6).***

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint "must contain sufficient 'well-pleaded, nonconclusory factual allegation[s],' accepted as true, to state 'a plausible claim for relief.'" *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679–80 (2009)). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate when the complaint lacks a "cognizable legal theory" or sufficient factual allegations to "support a cognizable legal theory." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652–53 (9th Cir. 2019).

**B. The Court Should Dismiss or Stay The Instant Action Pursuant to The *Colorado River* Doctrine Pending a Final Decision in The *Porter* Action**

Courts evaluate eight favors in determining whether to stay or dismiss an

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

action under *Colorado River*, including:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 841–42 (9th Cir. 2017). Courts examine the factors "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.* at 842 (internal quotations and citation omitted).[4] All eight factors weigh in favor of the Court dismissing or staying this proceeding.

**Inconvenience of the Federal Forum (Second Factor).** Plaintiff is domiciled in San Diego, California (Compl. ¶ 10), the same place where the nearly identical *Porter* Action is pending. Proceeding with this federal action in parallel with the *Porter* Action will inconvenience Defendants, against whom no facts are alleged and who may also become custodians in the *Porter* case against UCSD Health, which would require duplicative efforts and litigation spend, among other inefficiencies.

**Desirability of Avoiding Piecemeal Litigation (Third Factor).** "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990) (internal quotations and citation omitted). *See e.g.*, *Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*, 554 F. Supp. 277, 281 (C.D. Cal. 1983) (applying the *Colorado River* doctrine to avoid piecemeal litigation because the state court had already decided the issue that was before the federal court and "[e]xercising federal jurisdiction in this case would not only require duplication

[4] There is no property at stake in this action or the *Porter* Action and thus, the first factor is not at issue here.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

of time and effort on the part of the litigants and the Court, but would also create the possibility of inconsistent results."); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co*., 843 F.2d 1253, 1258 (9th Cir. 1988) (same reasoning).

Here, the State Court in the *Porter* Action previously denied the plaintiffs' motion for leave to amend to add the same individual defendants here. Thus, by bringing this action, Plaintiff is blatantly circumventing the State Court's order and allowing Plaintiff to proceed against the individual Defendants, which would result in piecemeal litigation. After all, the *Porter* Action and the instant action arise out of the same set of facts, and both actions include similar wiretapping claims, an invasion of privacy claim, and overlapping class definitions. Simply put, both actions involve the same core legal and factual issues to be resolved by a court.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**The Order in Which the Courts Obtained Jurisdiction (Fourth Factor).**

This factor weighs in favor of this Court dismissing and/or staying this proceeding. The *Porter* Action was filed on March 21, 2023. *See Porter* Action, ROA 1. Since then, the State Court and the parties have made significant progress in *Porter*. Indeed, the parties have briefed UCSD Health's demurrer, UCSD Health filed its answer to the plaintiffs' consolidated class action complaint on February 16, 2024 (ROA 94), and subsequently, an answer to plaintiffs' FACC on October 7, 2025 (ROA 161). Discovery has been ongoing since February 2025. Declaration of Alexander Vitruk in Support of Defendants' Motion to Dismiss ("Vitruk Decl.") ¶ 2. The plaintiffs have propounded, and UCSD Health has responded to, 43 requests for production, 19 interrogatories, and a notice of deposition of person most qualified and requests for production of documents on UCSD Health. *Id*. ¶ 3.

Given that the State Court in the *Porter* Action obtained jurisdiction nearly ***two years*** before Plaintiff filed his Complaint and the parties have engaged in lengthy discovery and motion practice, and the State Court previously denied the Porter *plaintiffs* leave to file an amended complaint adding in the same individual

defendants, this Court should at minimum issue a stay in this case pending a ruling in the *Porter* Action. *Colorado River Water Conservation Dist., et al. v. U.S.*, 424 U.S. 800, 817–18 (1976).

**Whether Federal Law Provides the Rule of Decision (Fifth Factor).** While the instant action involves a federal Wiretap Act claim and the *Porter* Action does not, California state and federal courts have concurrent jurisdiction over a Wiretap Act claim. *Doe 1 v. AOL LLC*, No. C 06-5866 SBA, 2010 WL 431890, at * 4 (N.D. Cal. Feb. 1, 2010). It is well established that "[i]f the state and federal court have concurrent jurisdiction over a claim, this factor becomes less significant." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (finding even though the case had a RICO claim at issue, because federal and state courts have concurrent jurisdiction over RICO claims, that this factor became less significant). Moreover, the alleged facts underlying both claims are the same here, which makes sense because ***courts evaluate CIPA and ECPA claims in the same way***. *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 954 (N.D. Cal. 2014) ("The analysis for a violation of CIPA is the same as that under the federal Wiretap Act.") (citing cases.)

**The Adequacy of the State Court Action to Protect Plaintiff's Rights (Sixth Factor).** A state court cannot adequately protect the rights of federal litigants "if there is a possibility that the parties will not be able to raise their claims in the state proceeding…." *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 981 (9th Cir. 2011). Here, there is no question that the State Court had authority to hear and resolve the two claims at issue in this action. *See* infra at 9.

**Forum Shopping (Seventh Factor).** "When evaluating forum shopping under *Colorado River*, we consider whether either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding. *Seneca Ins. Co.*, 862 F.3d at 846 (citation omitted); *see also Am. Int'l Underwriters*, 843 F.2d at 1255–56 (plaintiff forum shopped by bringing



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

suit in federal court to avoid the state court's unfavorable evidentiary rules). As mentioned above, 24 days after the State Court in the *Porter* Action denied plaintiffs leave to amend to add individual defendants, Plaintiff filed this lawsuit naming the individual Defendants in a blatant effort to obtain a more favorable ruling.

**Whether State Court Will Resolve All Issues (Eighth Factor).** It is well established that "exact parallelism … is not required" between actions. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). "We should be particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation." *Id.* (finding the actions were substantially similar even though some of the defendants in the state court action were not parties to the federal court action). Here, despite the plaintiffs and defendants being different between the actions, it is evident that this action is merely a "spin-off" from the *Porter* Action, given the overlap and congruence in alleged facts, causes of action, and class definitions.



### C. Plaintiff Lacks Concrete Injury to Establish Article III Standing

Separately, Plaintiff's Complaint fails to establish Article III standing. To establish Article III standing, Plaintiff must show he "suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 426 (2021) ("Article III standing requires a concrete injury even in the context of a statutory violation.") (quoting *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 341 (2016))). The Supreme Court "has rejected the proposition that a plaintiff 'automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* In other words, "***an injury in law is not an injury in fact***." *Id.* at 427 (emph. added). A harm is "concrete" only if the injury bears a "close relationship" to a harm "traditionally" recognized as providing a basis for a lawsuit. *Id.* at 425. Naked assertions of harm that is "traditionally recognized as providing a basis for a lawsuit

in American courts," are not enough. *Id.* at 417.

Accordingly, to establish Article III standing in privacy cases, Plaintiff must not only "identify [the] specific personal information" that he alleges was intercepted by a third party, but how the alleged interception "implicates a protectable privacy interest[.]" *Byars v. Sterling Jewelers, Inc.*, No. 5:22-cv-01456, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023); *Lightoller v. Jetblue Airways Corp.*, No. 23-cv-00361, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023) ("Plaintiff has failed to adequately allege that she suffered any concrete harm that bears a close relationship to the right to control personal information, meaning Plaintiff has failed to establish an injury in fact."); *Hughes v. Vivint, Inc.*, No. CV 24-3081-GW-KSx, 2024 WL 5179916, at *4 (C.D. Cal. July 12, 2024), adopted, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024) (same).

A recent Ninth Circuit decision confirmed that *TransUnion* and *Spokeo* require "a plaintiff to demonstrate more than just a statutory violation when evaluating whether a plaintiff has alleged a concrete injury." *Popa v. Microsoft Corp*., 153 F.4th 784, 793 (9th Cir. 2025). In *Popa*, the plaintiff alleged defendant used third-party technology to capture 30 different categories of information such as "the date a user visited the website, the device the user accessed the website on, the type of browser [used], the [device's] operating system [], the country where the user accessed the website from, a user's mouse movements, a user's screen swipes, text inputted by the user on the website, and how far down a webpage a user scrolls," in violation of statutory and common law privacy laws. *Id*. at 786.

In an attempt to establish that she had incurred a cognizable injury as a result of defendant's use of online tracking technologies, plaintiff in *Popa* identified two relevant common law tort analogues: intrusion upon seclusion and public disclosure of private facts. *Id*. at 791. The Ninth Circuit found neither apt because both torts involved an element of conduct or information that would be highly offensive to a

reasonable person. *Id.* The Ninth Circuit found the plaintiff in *Popa* identified no such information that was collected by defendant's technology; instead, the court likened the recording of the plaintiff's website interactions to "a store clerk's observing shoppers in order to identify aisles that are particularly popular or to spot problems that disrupt potential sales." *Id.* The court rejected plaintiff's argument that the statutory violations she alleged, by creating a private right of action, necessarily conferred standing. *Id.* at 792–94. Rather, it noted, "'Article III standing requires a concrete injury even in the context of a statutory violation.'" *Id.* at 792 (quoting *Spokeo*, 578 U.S. at 341).

Here, Plaintiff's alleged intangible privacy injuries derive from the alleged improper collection, use, and/or disclosure of non-sensitive information of UCSD Health's Website users: (i) IP addresses, (ii) URLs; (iii) button clicks, keystrokes, and page views; (iv) form field values; (v) search inputs and selections; and (vi) browser and device type and settings. Compl. ¶¶ 5, 69–71, 87, 89. Plaintiff does not allege that his sensitive medical information such as diagnoses, treatment information, medical records, or any communication between a Plaintiff and any Defendant was captured or disclosed by any code on the UCSD Health's Website. Plaintiff has also failed to identify any information so sensitive that its disclosure would be highly offensive. *Id.* ¶ 106. *See Rodriguez v. Culligan Int'l Co.*, No. 25-CV-00225-AJB-KSC, 2025 WL 3064113 at *3 (S.D. Cal. Nov. 3, 2025) (applying *Popa* to determine plaintiff lacked standing despite allegations that defendant website installed 35 "tracking beacons" on plaintiff's internet browser).

Plaintiff relies upon broad, generic allegations about Google Analytics, Fullstory Session Replay, and the Meta Pixel, including how these technologies allegedly function and what data they might be able to collect. Compl. ¶¶ 30–50, 52–57, 60–67. Such speculation cannot establish concrete injury because it does not show what, if anything, was actually collected from Plaintiff or that it caused him harm.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Kishnani v. Royal Caribbean Cruises Ltd.*, No. 25-cv-01473, 2025 WL 1745726, at *4–5 (N.D. Cal. June 24, 2025) (allegation that a defendant "could gain" from a technology does not plead concrete injury); *Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1179 (N.D. Cal. 2025) ("Plaintiffs also allege that Defendant disclosed their 'browser and device data' and 'other identifying information' . . . but fail to provide any more detail. Those allegations are ***too vague to assert a protectable privacy interest***.") (emph. added); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) ("[C]onclusory allegation that she disclosed 'personal information' does not allow the Court to determine whether [she] has a protectable privacy interest in that information."); *Hartley v. Urb. Outfitters, Inc.*, 740 F. Supp. 3d 410, 422 (E.D. Pa. 2024) ("[A]llegations of what a technology is merely capable of collecting do not equate to sufficient allegations of what that technology actually collected."); *Vivint, Inc.*, 2024 WL 5179916, at *4 (finding no standing where plaintiff did not specify the actual information collected).

Because Plaintiff has not satisfied the injury in fact requirement for Article III standing, the Court should dismiss Plaintiff's claims for lack of subject matter jurisdiction. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("lack of Article III standing requires dismissal for lack of subject matter jurisdiction").

### D. <u>Defendants Are Immune From Liability Under California Government Code § 820.2</u>

Based on the facts pled in the Complaint and to the extent the individual Defendants are UCSD Health's employees, any claims against them are subject to discretionary immunity. "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov. Code § 820.2. This statute provides immunity for public employees making basic policy decisions. *Johnson v. State*, 69 Cal. 2d 782,

793 (1968). In contrast, "subsequent ministerial actions in the implementation of that basic decision" are not subject to the immunity. *Id.* at 797. A ***plaintiff bears the burden of pleading*** "facts sufficient to show his cause of action lies outside the breadth of any applicable statutory immunity." *Keyes v. Santa Clara Valley Water Dist.*, 128 Cal.App.3d 882, 885 (1982). *See also Caldwell v. Montoya*, 10 Cal. 4th 972, 986 (1995) (Discretionary "immunity cannot be abrogated by a statute which simply imposes a general legal duty or liability on persons, including public employees"; there must be "a clear indication of legislative intent that statutory immunity is withheld or withdrawn in the particular case."). Neither the Wiretap Act nor any other law at issue presents an indication of clear legislative intent that public employees' discretionary acts are not immune.

Here, Plaintiff's bare-boned pleading does not meet his burden of showing that any acts of the individual Defendants lie outside the breadth of Government Code 820.2's immunity. As pled on the face of the Complaint, any alleged decision of whether to use analytics on UCSD Health's Website was a basic policy decision. *See, e.g.,* Compl. ¶¶ 34, 41, 66 (explaining Fullstory, Meta, and Google offer Fullstory Session Replay software, the Meta Pixel, and Google Analytics to companies to integrate into their website, *i.e.*, a discretionary choice to use); *see also id.* ¶¶ 11–20 (alleging each individual Defendants "overs[aw]," "manag[ed]," "work[ed]," or otherwise contributed to this basic policy decision). *Accord. Saltares v. Kristovic*, 6 Cal. App. 3d 504, 519 (1970) (finding a public administrator was immune from liability because he exercised discretion in not paying the debt on the property); *see also San Mateo Union High School Dist. v. Cnty. of San Mateo*, 213 Cal. App. 4th 418, 434 (2013) (finding immunity based on public employee's discretionary activity). Accordingly, each of Plaintiff's claims against the individual Defendants should be dismissed on this separate ground.

### E. Plaintiff Fails to State a Claim for Wiretapping Under Rule 12(b)(6)

A claim under the Wiretap Act "requires a showing that the defendant (1) intentionally (2) intercepted, endeavored to intercept[,] or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *See In re Facebook Internet Tracking Litig*., 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017) (internal quotation marks omitted), *aff'd in part, rev'd in part, and remanded by* 956 F.3d 589 (9th Cir. 2020). Plaintiff failed to allege at least the second, third, or fourth elements, and the Wiretap Act claim should be dismissed as a matter of law, without leave to amend.

#### i. *There are no actual facts of wrongdoing alleged against any individual Defendant.*

As a pleading matter, Plaintiff vaguely alleges the individual Defendants' responsibilities at UCSD Health, not how they personally intercepted or transmitted any substantive patient communications. Compl. ¶¶ 11–20. There are no facts showing any wrongdoing by any individual Defendant. In a typical wiretapping case, an individual (*e.g*., police personnel) is alleged to have actually participated in the wiretapping, *i.e*., listening in to the conversation or even directing it. *See, e.g., City of Whittier v. Everest Nat'l Ins. Co*., 97 Cal. App. 5th 895, 903 (2023), as modified on denial of reh'g (Dec. 26, 2023), review filed (Jan. 12, 2024). No such allegations are present here. All Plaintiff has alleged are conclusory allegations that "Defendants have aided the Third Parties in intercepting UCSD Health patients' communications containing protected health information … and personally identifiable information…." Compl. ¶ 25. Again, such allegations fall woefully short of establishing a Wiretap Act claim. *Covenant Care, Inc. v. Super. Ct. (Inclan)*, 32 Cal.4th 771, 790 (2004). The Wiretap Act claim should be dismissed with prejudice as to each of the individual Defendants.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

***ii. Plaintiff fails to allege any unlawful interception.***

Separately, Plaintiff cannot establish that any communication has been unlawfully "intercepted" by Defendants. The Wiretap Act does not make it unlawful for someone to "intercept ... [an] electronic communication where such person is a party to the communication." 18 U.S.C. § 2511(2)(d)). Stated differently, a party to a communication cannot unlawfully "intercept" a communication directed to it and cannot be held liable for "eavesdropping" upon itself. *Id.*; *In re Nickelodeon Consumer Priv. Litig*., 827 F.3d 262, 274 (3d Cir. 2016) (dismissing Wiretap Act claim because defendant "was either a party to all communications with the plaintiff's computers or was permitted to communicate with the plaintiff's computers by Viacom, who was itself a party to all such communications."); *see also In re Google Cookie Placement Consumer Privacy Litig*., 806 F.3d 125, 142–43 (3rd Cir. 2015) (same reasoning); *John Roe, et al. v. Amgen Inc.*, No. 2:23-cv-07448-MCS-SSC, 2024 WL 2873482, at *6 (C.D. Cal. June 5, 2024) (same reasoning).

In virtually identical circumstances, district courts in the Ninth Circuit have made clear that users of a health care provider's website cannot state a claim under the Wiretap Act against the healthcare provider, because the health care provider was the intended recipient of any alleged communications via the website and therefore could not have intercepted such communications. *B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1065 (C.D. Cal. 2024) ("the party exception to Plaintiffs' [Wiretap Act] . . . claim[] exempts Defendants from liability"); *Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072, 1095 (W.D. Wash. 2024) ("Under the [Wiretap Act], it is not unlawful for a person to intercept electronic communications where such person is a party to the communication.") (internal citation and quotations omitted); *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1117–18 (S.D. Cal. 2023) (same ruling). UCSD Health is identically situated.

Plaintiff here attempts to invoke the "crime-tort exception" to the one-party consent rule, which exception applies only where the alleged interception was made for the purpose of committing a criminal or tortious act. Compl. ¶ 131. In other words, by alleging that the crime-tort exception applies, Plaintiff necessarily concedes that Defendants were intended recipients of Plaintiff's alleged communications. *Id.* "Under section 2511, the focus is not upon whether the interception itself violated another law; it is upon whether the *purpose* for the interception—its intended use—was criminal or tortious." *Sussman v. Am. Broad. Cos*., 186 F.3d 1200, 1202 (9th Cir. 1999) (internal quotations omitted) (emph. in original). Plaintiff thus must adequately allege Defendants "had an illegal or tortious purpose" that is separate and distinct from the collection and disclosure of Plaintiff's communications. *Id*. at 1203; *see also Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022) (same reasoning).

Here, Plaintiff alleges no such separate unlawful purpose. Instead, Plaintiff broadly asserts—without factual support—that the crime-tort exception applies because the same interception also allegedly violated various laws, including HIPAA and the California Constitution. Compl. ¶ 131. But that is "contrary to *Sussman* which holds that the act of interception itself cannot be the crime or the tort." *Doe v. Kaiser Found. Health Plan, Inc*., No. 23-cv-02865, 2024 WL 1589982, at *10 (N.D. Cal. Apr. 11, 2024) (violation of HIPAA did not satisfy crime-tort exception). Even where an interception "may well have been a tortious invasion of privacy under state law," it is not a separate illegal or tortious purpose that would trigger the crime-tort exception. *Sussman*, 186 F.3d at 1203; *see also In re Google Cookie Placement Consumer Priv. Litig*., 806 F.3d at 145 (crime-tort exception not triggered where "the tortious conduct is the alleged wiretapping itself.").

Indeed, Plaintiff actually alleges the opposite of a tortious or illegal purpose, claiming that Defendants intercepted his communications "for analytics and





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

marketing purposes." Compl. ¶¶ 130, 132. The Northern District of California has recently held that where "purpose of the interception was not to 'perpetuate torts on millions of Internet users, but to make money,'" the crime-tort exception to the party-exception is not satisfied. *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1058 (N.D. Cal. 2025) (Wiretap Act crime-tort exception did not apply); *see also Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023) (dismissing wiretapping claim and collecting cases holding that a defendant's desire to "make money" through use of pixels does not meet the crime-tort exception).

Likewise, courts throughout the Ninth Circuit have held that allegations that communications were transmitted to third parties "'for purposes of targeting advertising to [d]efendant's California website users'" were "insufficient to implicate the crime-tort exception." *Zarif v. Hwareh.com, Inc.*, 789 F. Supp. 3d 880, 896 (S.D. Cal. 2025) (dismissing Wiretap Act claim); *see also B.K.*, 721 F. Supp. 3d at 1065 (although the plaintiffs alleged the defendant "engaged in the allegedly illegal interception of their . . . information" for commercial advantage, plaintiffs failed to allege that purpose "constitute[d] independently illegal or actionable conduct" and the court concluded the "criminal or tortious act" exception to the party exception did not apply); *Nienaber v. Overlake Hosp. Med. Ctr.*, No. 2:23-cv-01159-TL, 2025 WL 692097, at *13 (W.D. Wash. Mar. 4, 2025) (dismissing Wiretap Act claim with prejudice and finding the exception did not apply because plaintiff failed to plead "a tortious or criminal use of the acquired communications *separate* from their recording, interception, or transmission"); *Pena*, 670 F. Supp. 3d at 1119 ("Here, while Plaintiff alleges that Defendant engaged in the allegedly illegal interception of his and the proposed class members' communications 'in order to create transcripts that could be shared with third parties to analyze to extract key words for marketing an[d] other purposes' … Plaintiff does not allege that this purpose constitutes

independently illegal or actionable conduct such that the party exception is inapplicable.").

Courts have likewise dismissed Wiretap Act claims where defendant's purpose in intercepting plaintiffs' communications was to facilitate advertising and marketing. *Karen McManus v. Tufts Med. Ctr., Inc.*, No. 25-cv-10008-ADB, 2025 WL 2778025, at *3 (D. Mass. Sept. 29, 2025) (dismissing plaintiff's Wiretap Act claim because allegations that the defendant "specifically used tracking technologies to intercept and disclose Plaintiff's and Class Members Private Information for financial gain,…sought to increase revenue from existing patients and gain new patients, … and thus chose to put its business interests over the privacy of its patients,… are [] insufficient to satisfy the crime-tort exception.") (quotations and citation omitted); *Doe 1 v. Chestnut Health Sys., Inc.*, No. 1:24-CV-01475-JEH-RLH, 2025 WL 1616635, at *12 (C.D. Ill. June 6, 2025) (same reasoning); *Goulart v. Cape Code Healthcare, Inc.*, No. 25-10445-RGS, 2025 WL 1745732, at *3 (D. Mass. June 24, 2025) appeal docketed, No. 25-1672 (1st Cir. July 23, 2025) (same reasoning); *Doe v. Genesis Health Sys.*, No. 4:23-cv-04209-JEH, 2025 WL 1000192, at *9 (C.D. Ill. Mar. 18, 2025) (same reasoning) (internal citation omitted); *Sweat v. Houston Methodist Hosp.*, No. H-24-775, 2025 WL 2697111, at *7 (S.D. Tex. Sept. 22, 2025) (same reasoning).

***iii. Plaintiff fails to allege contemporaneous interception.***

Plaintiff also fails to allege contemporaneous interception of the alleged "content" in transit, as required by the Wiretap Act. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (For a communication to be intercepted "in violation of the Wiretap Act, it must be acquired during transmission, not while it is in electronic storage"). More specifically, such contents must be "***read, attempted to [be] read, or attempted to [be] learned***" between Plaintiff and Defendants "while the communications were in transit." *Doe v. Eating Recovery Center LLC*, No. 23-cv-

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

05561-VC, 2025 WL 2971090, at **5–7 (N.D. Cal. Oct. 17, 2025) (emph. added).[5] In fact, the Northern District Court of California in *Eating* confirmed that Meta does not ***read*** or ***learn*** the contents of any communications "in transit" through the Pixel. 2025 WL 2971090, at *5; *see also Torres v. Prudential Financial*, No. 22-cv-7465, 2025 WL 1135088, at **5–7 (N.D. Cal. Apr. 17, 2025) (same analysis).

The only allegations in the Complaint that come close to alleging Meta, Google, or Fullstory read or attempted to read intercepted communications involve a hypothetical example of what *may* happen when an individual navigates to Defendant's public Website and clicks on a link "for fertility care information" (Compl. ¶¶ 37–38), and an example of what *may* happen when a hypothetical "patient" searches for a particular doctor (*id.* ¶¶ 69–70). But this is insufficient to demonstrate Meta, Google, or Fullstory read, attempted to read, or attempted to learn the contents of Plaintiff's communications.

Moreover, Plaintiff has alleged two separate alleged communications occur—one between the Website and the user's browser, and one between the user's browser and Meta, Google, and/or Fullstory. *Id.* ¶¶ 36, 37, 57, 65, 93 (alleging that "individuals" initially "communicate Private Information, including medical information, to UCSD Health via the [public] Website," and then describing a GET request between the website and the user's browser as a "separate" communication from the "second" transmission between the user's browser and Meta). Accordingly, Plaintiff's own factual allegations demonstrate that no alleged communication is being intercepted "in transit." *Smith v. Facebook, Inc.*, 262 F. Supp.3d 943, 951 (N.D. Cal. 2017) (holding that virtually identical allegations do not satisfy the "in transit" requirement); *Eating*, 2025 WL 2971090, at *5 ("The parties agree that event data is

[5] Although *Eating Recovery* involved a CIPA claim, the Northern District's analysis regarding the "in transit" requirement should apply equally to the ECPA claim here, because courts within the Ninth Circuit evaluate CIPA and ECPA claims in the same way. *NovelPoster*, 140 F. Supp. at 954.

transmitted to Meta about 0.2 seconds ***after*** the visitor's action is transmitted to the website. The filtering of the data necessarily happens ***after*** this because the event data is encrypted while being sent to Meta.") (emph. added).

Not only has Plaintiff pled facts showing that two separate communications occur such that the "in transit" requirement is not satisfied (Compl. ¶ 36), but Plaintiff has ***not*** pled facts showing that any third party actually *reads* or *learns* the contents of any communications while they are "in transit," as required under *Eating*.

Indeed, courts consistently dismiss claims where data is accessed after reaching a server. *See Rodriguez v. Google LLC*, No. 20-cv-04688, 2021 WL 2026726, at *6 (N.D. Cal. May 21, 2021); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430, 2014 WL 1102660, at *11 (N.D. Cal. Mar. 18, 2014). Given the speed of internet communications, the Wiretap Act's application to such transmissions is "undoubtedly limited" and rarely met. *NovelPoster*, 140 F. Supp. 3d at 951–52; *see also Mintz v. Mark Bartelstein & Assocs. Inc.*, 906 F. Supp. 2d 1017, 1031 (C.D. Cal. 2012); *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1077–78 (C.D. Cal. 2023); *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1137 (E.D. Cal. 2021); *Torres*, 2025 WL 1135088, at *5–7. Plaintiff offers no facts to suggest a third-party intercepted communications "in transit" before they reached Defendants.

***iv. There can be no civil liability for allegedly "procur[ing]" or aiding and abetting an alleged interception through Google Analytics, Fullstory Session Replay, or the Meta Pixel.***

Plaintiff also claims that Defendants "procured the Third Parties to intercept or endeavor to intercept, the contents of Plaintiff's and Class members' electronic communications…." Compl. ¶¶ 127, 131, 133, 136. Indeed, all of Plaintiff's underlying allegations identify Google, Fullstory, or Meta – not Defendants – as the party that allegedly intercepted Plaintiff's communications through the source code on UCSD Health's Website. *Id.* ¶¶ 5, 36, 37, 84. Plaintiff's Wiretap Act claim is not saved by his alternative characterization of the claim as one for aiding and abetting.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

The Wiretap Act's private right of action is found in 18 U.S.C. § 2520, which creates a scope of civil liability that is narrower than the criminal liability provision codified in Section 2511. Section 2520(a)'s plain, unambiguous language creates a private civil cause of action only against the person who engages in an unlawful interception, disclosure, or intentional use of electronic communication – not against any other person for procuring, enabling, aiding or abetting another's interception of such. *See, e.g., Kirch v. Embarq Mgmt. Co.*, 702 F.3d 1245, 1246–47 (10th Cir. 2012) (holding that there is no civil Wiretap Act claim for "procur[ing]" or "aiding and abetting" an interception); *see also Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 169 (5th Cir. 2000) (same); Accord. *In re Toys R Us, Inc., Privacy Litig.*, No. 00-CV-2746, 2001 WL 34517252, at *7 (N.D. Cal. Oct. 9, 2001) ("The Court finds that § 2520(a) does not provide a cause of action against aiders and abetters, and, accordingly, that plaintiffs may not proceed against Toys R Us on such theory."); *In re Carrier IQ, Inc., Consumer Privacy Litig.*, 78 F. Supp. 3d 1051, 1089 (N.D. Cal. 2015) (same holding); *see also Weston v. Lefiti*, No. 23-cv-0896-L-DDL, 2023 WL 8458249, at *3 (S.D. Cal. Dec. 5, 2023) (same); *Herzer v. Redstone*, No. 17-CV-7545 PSG (KSx), 2018 WL 5094933, at *7 (C.D. Cal. July 10, 2018) (same); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1183–84 (S.D. Cal. 2010) (same).

Because the Wiretap Act does not provide a private cause of action against an individual that is alleged to have procured or aided and abetted another party to intercept a communication, Plaintiff's Wiretap Act claim should be dismissed.

***v. Plaintiff fails to allege any plausible interception of "contents."***

Plaintiff's Wiretap Act claim further fails because Plaintiff has not pleaded facts showing that the "contents" of any communications were disclosed to Google, Fullstory, Meta, or any other third party. Under the Wiretap Act, "contents" of a communication are defined as "any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8). "Content" information



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

"refers to the intended message conveyed by the communication" and is therefore distinct from "record" information, which relates to "the characteristics of the message that is generated in the course of the communication," such as a name, address, or the identity of a subscriber or customer. *See In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106–07 (9th Cir. 2014). Here, the alleged "contents" at issue are vague references to Plaintiff's "PII and PHI" and "confidential communications" (Comp. ¶¶ 25, 107, 108, 138) and "Private Information" (*Id.* ¶¶ 83, 84, 86, 87, 92–94, 106, 109, 121, 122, 128, 132, 139). The Complaint contains no specific "content" allegedly collected from Plaintiff during his visits.

In *Facebook Internet Tracking Litig*., 140 F. Supp. 3d 922, 930–31 (N.D. Cal. 2015), the court held that a URL sent to Meta by a user's browser does not qualify as "contents" of a "communication" under the Wiretap Act because it is nothing more than "record information regarding the characteristics of the message that is generated in the course of the communication.'" *Id.* at 935 (quoting *In re Zynga*, 750 F.3d at 1106–07). By definition, a URL does not convey the "meaning" of the communication with the host server; it simply identifies the location of the requested webpage on the Internet. *Id.* at 935–6.

In *In re Zynga*, the Ninth Circuit explained that even though a URL could disclose that a person viewed the "page of a gay support group," such URLs "function[] like an 'address,'" not "contents" of a communication. 750 F.3d at 1107–8; *see also Mikulsky v. Bloomingdale's, LLC*, No. 3:23-cv-00425-L-VET, 2024 WL 337180, at *7 (S.D. Cal. Jan. 25, 2024) ("button clicks, mouse movements, scrolling, resizing, touches (for mobile browsers), key presses, page navigation" were "more akin to the 'record' information that the Ninth Circuit held not to be contents"); *In re Nickelodeon Consumer Priv. Litig*., 827 F.3d at 275 (URL that revealed which specific video a child watched was more like telephone number than substantive

conversation); *Kishnani*, 2025 WL 1745726, at *4–5 (collection of metadata like IP address or general location is not actionable).

Here, Plaintiff's Complaint fails to allege facts showing that the substance of his alleged communications to anyone at UCSD Health have ever been transmitted to Google, Fullstory, or Meta. Plaintiff's threadbare conclusions that his "confidential and sensitive communications," "sensitive information," "confidential communications," "Private Information," and "PII and PHI" are transmitted to Google, Fullstory, and Meta (Compl. ¶¶ 83, 84, 86, 87, 92–94, 106–108, 127, 134, 138–140), are bereft of facts and therefore insufficient as a matter of law. *See, e.g., Iqbal*, 556 U.S. at 678 (mere conclusions are insufficient); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 225 (3d Cir. 2011) (rejecting allegations that the defendant "regularly and unlawfully shared highly confidential information" related to customers as conclusory in nature); *B.K.*, 721 F. Supp. 3d at 1064 (dismissing similarly "vague allegations," "conjectures and hypothetical scenarios and patients").

Plaintiff seeks to blur the very bright line between online browsing information and "medical information" by resting his claims solely on allegations that he browsed UCSD Health's Website and self-serving legal conclusions that his "confidential and sensitive communications," "sensitive information," "confidential communications," "Private Information," and "PII and PHI" were transmitted to Google, Fullstory, and Meta. *See, e.g.*, Compl. ¶¶ 83, 84, 86, 87, 92–94, 106–108, 127, 134, 138–140. Plaintiff fails to plead the substantive contents of his "communications," however.

The limited allegations relating to Plaintiff's interactions with UCSD Health's Website show only that Plaintiff used UCSD Health's publicly available Website to "schedule medical appointments, obtain medications, obtain test results, research specialty doctors, and schedule imaging." *Id.* ¶ 90. But Plaintiff does not provide any details about the information he claims was recorded or intercepted, and he fails to allege facts establishing his PII or PHI was disclosed. *See generally*, Compl.

Plaintiff has not alleged, and cannot allege, "contents" of his communications were intercepted by Google, Fullstory, or Meta. Absent allegations specifying substantive contents of Plaintiff's communications, the Complaint is left with hypothetical examples of information theoretically disclosed, *i.e.*, page views and URLs. *See, e.g.*, *Id*. ¶¶ 69–82. But as *Zynga* makes clear, such information is "record information" that cannot support a Wiretap Act claim. 750 F.3d at 1107. Similarly, actions on a webpage (*e.g*., button clicks, page navigation, and keystrokes (inputting search terms)) are record information, not contents. *Mikulsky*, 2024 WL 337180, at *7. As such, Plaintiff has not alleged sufficient facts to state his Wiretap Act claim.

### F. Plaintiff Fails to State a Claim Under Rule 12(b)(6) for Invasion of Privacy Under California's Constitution

A privacy claim under the California Constitution requires a showing of: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest. *Hernandez v. Hillsides, Inc*., 47 Cal.4th 272, 286 (2009).

There is a high bar for such a claim (*Low v. LinkedIn Corp*., 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012)). Courts have consistently held that similar data collection and disclosure practices to third parties constitute "routine commercial behavior" and are thus not a "highly offensive" or serious intrusion of privacy. *B.K.*, 721 F. Supp. 3d at 1067 (using defendant's website to research and communicate with providers, research particular medical conditions and treatments, fill out forms, and schedule and attend appointments could only constitute "routine medical searches and inquiries"); *Hubbard v. Google LLC*, No. 19-cv-07016-SVK, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024) ("Contemporary internet browsing involves the collection of users' data, including by tracking users across the internet, and a reasonable user should expect as much[.] Plaintiffs do not sufficiently allege that



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendants did more than engage in such routine behavior."); *Nienaber*, 2025 WL 692097, at *9 (dismissing invasion of privacy claim with prejudice and finding Google's collection and disclosure of users' browsing histories was not a deliberate intrusion because "Plaintiff voluntarily shared her information with Defendant."); *Saeedy v. Microsoft Corp.*, No. 23-cv-1104, 2023 WL 8828852, at *4 (W.D. Wash. Dec. 21, 2023); *Williams v. TMC Health*, No. CV-23-00434-TUC-SHR, 2024 WL 4364150, at *1, 7–8 (D. Ariz. Sept. 30, 2024); *Low*, 900 F. Supp. 2d at 1025; *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1060, 1063 (N.D. Cal. 2012) (disclosures of unique device identification number, personal data, and geolocation information without consent were not an egregious breach of social norms). Plaintiff here has not pled facts sufficient to establish a serious invasion of privacy. All he has alleged is that he used UCSD Health's public facing Website to schedule appointments, obtain medications, obtain test results, research specialty doctors, and schedule imaging. Compl. ¶ 90.

Separately, there can be no intrusion of privacy here because any alleged intrusion was carried out by third parties - Meta, Google, and Fullstory, which created the at issue technologies. *See Kurowski v. Rush Sy. for Health*, 659 F. Supp.3d 931, 943-44 (N.D. Ill. Mar. 3, 2023) (dismissing identical invasion of privacy claim because "[t]he actual intrusion upon patients' seclusion, via interception of their communications, is carried out by third parties."). *See* Compl. ¶¶ 83, 84, 86, 87, 92–94, 107 (confirming same).

## IV. <u>CONCLUSION</u>

Because amendment would be futile, Defendants respectfully ask the Court to grant its motion to dismiss Plaintiff's Complaint with prejudice, or at minimum stay this action until resolution of the *Porter* Action.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated: December 15, 2025,

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: ______________________
Teresa C. Chow
Alexander Vitruk

*Attorneys for Defendants*
JEFF ENGEL, ERIN LAVIGNA, TIMOTHY CIRAOLO, LAUREN HEDGPETH, SEAN HLAVAC, SANDRA PHILLIPS, JENNIFER LAWRENCE, KIM KENNEDY, HALLIE JOHNSON, and HALLIE JACOBS