TERESA C. CHOW (SBN 237694)
ALEXANDER VITRUK (SBN 315756)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
Emails: *tchow@bakerlaw.com*
*avitruk@bakerlaw.com*

*Attorneys for Defendants*
JEFF ENGEL, ERIN LAVIGNA, TIMOTHY CIRAOLO, LAUREN HEDGPETH, SEAN HLAVAC, SANDRA PHILLIPS, JENNIFER LAWRENCE, KIM KENNEDY, HALLIE JOHNSON, and HALLIE JACOBS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JOHN DOE, individually and on behalf of all other persons similarly situated,

*Plaintiff*,

v.

JEFF ENGEL, ERIN LAVIGNA, TIMOTHY CIRAOLO, LAUREN HEDGPETH, SEAN HLAVAC, SANDRA PHILLIPS, JENNIFER LAWRENCE, KIM KENNEDY, HALLIE JOHNSON, and HALLIE JACOBS,

*Defendants*.

Case No.: 3:25-CV-02429-JES-VET

[Judge: Hon. James E. Simmons Jr.]

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR STAY CLASS ACTION COMPLAINT PURSUANT TO THE *COLORADO RIVER* DOCTRINE, OR IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(1) AND FRCP 12(B)(6)**

Date: 2/4/2026
Time: 10:00 am
Dept: 4B

Complaint Filed: September 16, 2025

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## I. INTRODUCTION

Plaintiff's Opposition underscores the fatal defects in his Complaint. This action is a transparent attempt to repackage allegations already being litigated in State Court[1], evade abstention doctrines designed to prevent duplicative proceedings, and impose individual liability on public employees for discretionary conduct undertaken within the scope of their official duties.

Plaintiff does not dispute that this case arises from the same UCSD Health website, the same alleged tracking technologies, and the same purported disclosures already at issue in *Porter*. Instead, Plaintiff relies on artful pleading—naming individual employees of UCSD Health rather than the public entity—to manufacture the illusion of a distinct controversy. That tactic does not defeat abstention, does not create standing, and does not overcome statutory immunity.

Nor does Plaintiff plead facts sufficient to state any claim. The Opposition does not allege any actual facts showing that any individual Defendant personally intercepted a communication, accessed Plaintiff's data, or caused Plaintiff any concrete harm. Plaintiff's Wiretap Act theory tries to expand the statute to cover routine website analytics, while the constitutional privacy claim collapses in the absence of a serious invasion. The Court should dismiss the Complaint with prejudice—or at minimum, stay this case pending resolution of *Porter*.

## II. THE COLORADO RIVER DOCTRINE SHOULD APPLY HERE.

***The Porter Plaintiffs' Pending Motion to Dismiss Does not Preclude the Application of Colorado River.*** Plaintiff's assertion that the *Porter* plaintiffs "plan" to dismiss that action is speculative and legally irrelevant.[2] *Colorado River* analysis turns on the existence of parallel proceedings at the time of decision, not conjecture

---

[1] *Porter et al. v. The Regents of the University of California, d/b/a UC San Diego Health*, No. 37-2023-00011636-CU-NP-CTL, S.D. Sup. Ct. ("*Porter* Action").

[2] *Porter* plaintiff's motion—set for hearing September 4, 2026—will be opposed.

about future rulings. *Cingular Wireless, LLC v. Thurston Cnty*., 150 F. App'x 633, 634 (9th Cir. 2005) is inapposite because it precluded application of *Colorado River* where the state court action was no longer pending. *Porter* remains pending.

*This Action and Porter Are Substantially Similar.* The threshold requirement for *Colorado River* abstention is met because both matters arise from (a) the same alleged conduct—UCSD Health's alleged use of Google Analytics, Meta Pixel, and Fullstory, (b) on the same website and patient-facing platforms, and (c) both matters seek relief for the same alleged interception of communications. Mot. at 5–6; Compl. ¶¶ 83–96; RJN Ex. B. Exact overlap of parties or claims is not required; substantial similarity is enough. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).

## III. PLAINTIFF MISAPPLIES THE *COLORADO RIVER* FACTORS.

The applicable *Colorado River* factors here favor abstention.

***Federal Forum is Not More Convenient (Second Factor)*****:** Plaintiff concedes that both courts sit in Southern California. Opp. at 4. That concession renders this factor neutral. *See, e.g., Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368 (9th Cir. 1990); Compl. ¶ 8; Mot. at 6.

***Avoiding Piecemeal Litigation Strongly Favors Abstention (Third Factor):*** This factor is critical. Proceeding here would require this Court to adjudicate the same factual and legal questions already before the state court, creating a risk of inconsistent rulings. *Am. Int'l Underwriters (Phils.), Inc. v. Cont'l Ins. Co.,* 843 F.2d 1253, 1258 (9th Cir. 1988). Plaintiff's reliance on *Travelers* is misplaced. Unlike *Travelers* where there were no state-court rulings, the *Porter* court has already addressed substantially similar facts and theories by rejecting analogous wiretapping and privacy claims against Defendants' employer and denying plaintiffs' attempt to add these same individual Defendants to *Porter*. RJN Ex. A; Mot. at 2,7. *Colorado River* abstention exists precisely to prevent this end-run around state-court authority. *Am. Int'l Underwriters,* 843 F.2d at 1258.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

***Order of Jurisdiction Favors Abstention (Fourth Factor):*** Plaintiff does not dispute that *Porter* was filed over two years prior and has progressed substantially. Opp. at 5. The relevant inquiry is not filing date alone, but "how much progress has been made". *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 21 (1983). In *Porter*, the pleadings have settled, a hearing date for plaintiffs' motion for class certification has been set, and discovery is ongoing. Mot. at 7. The state court has also issued rulings bearing on the claims Plaintiff repackages here, thus favoring abstention. RJN Exs. A–C.

***No Novel Federal Question Counsels Against Abstention (Fifth Factor):*** Plaintiff brings two claims against Defendants for: 1) violation of the ECPA (Federal Wiretap Act) and 2) for intrusion of privacy under California's Constitution. Compl. ¶¶ 117-143. Despite this action involving state and federal claims, Plaintiff erroneously relies on *Mendocino Ry. v. Ainsworth*, 113 F.4th 1181, 1189-90 (9th Cir. 2024) to argue that since the ECPA is "governed by federal statute[,]" this factor "weighs against dismissal[.]"[3] Opp. at 5:16-18. But *Mendocino* noted that "where (as here) 'state and federal courts have concurrent jurisdiction over a claim, this factor becomes less significant.'" *Id.*[4] Here, the state court may exercise concurrent jurisdiction over Plaintiff's ECPA claim, thus abating the importance of this factor.

***The State Court Adequately Protects Plaintiff's Interests (Sixth Factor):*** Plaintiff admits the *Porter* court may adjudicate the core issues presented here. Opp. at 6:3. Plaintiff's citation to *Montanore Mins. Corp. v. Bakie* actually supports Defendants' position, where, as here, "the state court has authority to address the

---

[3] Plaintiff completely ignores his intrusion on privacy claim under the California Constitution, for which California state law supplies the rule of decision.

[4] *Mendocino* also affirmed the district court's dismissal of an action where, as here, the order in which the forums obtained jurisdiction, the forum shopping, and the piecemeal litigation considerations strongly favored dismissal.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

rights and remedies at issue, this factor may weigh in favor of a stay." 867 F.3d 1160, 1169 (9th Cir. 2017) (citation omitted). Regardless, any disagreement with a state court's rulings does not render that forum inadequate.

***This Case Is a Textbook Example of Forum Shopping (Seventh Factor):*** Over two years after *Porter* was filed and 24 days after the state court in *Porter* denied plaintiffs leave to amend to add individual defendants, Plaintiff filed this lawsuit naming the same individual Defendants in a blatant effort to obtain a more favorable ruling. RJN Ex. A. This is quintessential forum shopping. *Nakash*, 882 F.2d at 1417.

***Porter Would Resolve this Action (Eighth Factor):*** This factor requires only that the state action be capable of resolving the core factual and legal issues, not every claim or defendant. *Nakash*, 882 F.2d at 1416–17. Plaintiff's attempt to draw superficial distinctions ignores settled precedent-where, as here, the federal case is a "spin-off" of a more comprehensive state proceeding addressing the same technologies, parties, and theories, abstention is warranted. *Id.* Unlike *Murphy v. Viad Corp.,* No. CV 21-7839 PSG (MARx), 2022 WL 3137720 (C.D. Cal. May 13, 2022), which involved no meaningful overlap, resolution of *Porter* would resolve the issues before this Court.[5]

On balance, the *Colorado River* factors favor dismissal of this action, particularly because forum shopping is evident and piecemeal litigation is inevitable.

## IV. PLAINTIFF LACKS ARTICLE III STANDING.

Plaintiff contends he has satisfied Article III's injury-in-fact requirement by alleging that he used UCSD Health's website to schedule appointments, obtain medications and test results, research doctors, and search for a neurologist, and that

[5] *Murphy* acknowledged that actions can be "sufficiently parallel where the parties in the federal case were also either parties in the state case or entities controlled by, or associates of, parties in the state case and both actions involved the conduct and ownership interests of the overlapping parties." 2022 WL 3137720 at *5.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendants' integration of tracking code allegedly allowed his "Private Information" to be intercepted by third parties without consent. Opp. at 9–10.

To establish Article III standing in privacy cases, a plaintiff must identify the *specific* information allegedly intercepted and plausibly allege how that interception constitutes a concrete invasion of a legally protected privacy interest. *See, e.g., Lightoller v. JetBlue Airways Corp*., No. 23-cv-00361-H-KSC, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023) (no standing without allegations of concrete harm).

Plaintiff fails to meet that standard. He does not allege when or how often he visited the website; what information he input; what specific data was captured about him; whether any data was tied to his identity; whether any Defendant ever accessed, viewed, or received his information; or any downstream consequences showing concrete harm to Plaintiff. *See Kishnani v. Royal Caribbean Cruises Ltd.,* No. 25-cv-01473-NW, 2025 WL 1745726, at *3 (N.D. Cal. June 24, 2025) (no standing where plaintiff failed to allege what data was collected or how it harmed him); *Steinmeyer v. Am. Ass'n of Blood Banks,* 715 F. Supp. 3d 1302, 1318 (S.D. Cal. 2024) ("[No] constitutional standing based on conclusory statements.").

Plaintiff's reliance on unpublished district court decisions does not salvage his claim. Opp. at 8–10. In *Atkins v. Amplitude, Inc.,* the plaintiffs plausibly alleged standing because they identified exactly what personal data was collected and disseminated, including information revealing their religious affiliation, sexual orientation, medical condition, and at-risk population status. No. 24-cv-04913-RFL, 2025 WL 2521732, at *1 (N.D. Cal. Sept. 2, 2025). In *Camplisson v. Adidas America* No. 25-cv-603-GPC-KSC, 2025 WL 3228949 2025 WL 2494368 at *1, *6 (S.D. Cal. Nov. 18, 2025), and *Gabrielli v. Haleon U.S.*, No. 25-cv-02555-WHO, 2025 WL 2494368 at *1, 4-6, the courts found Article III standing, because plaintiffs either specifically rejected the use of cookies (*Gabrielli*) or the dissemination of their personal information via "AutoAdvanced Matching" or tracking of user activity

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

across the internet (*Camplisson*). Here, by contrast, Plaintiff has not pled the specific personal or medical data allegedly collected or disseminated, nor has he pled he rejected certain cookies or technologies, let alone shown how Google, Meta, or Fullstory allegedly used any of his data. Those distinctions are significant. *See, e.g., Steinmeyer*, 715 F. Supp. 3d at 1318 (rejecting standing where alleged harm depended on speculation about third-party actions).

The Ninth Circuit has already rejected the standing theory Plaintiff advances. In *Phillips v. U.S. Customs & Border Protection*, the court held that the "unlawful collection and retention of records alone" is not a concrete injury. 74 F.4th 986, 995 (9th Cir. 2023). The court emphasized that Article III requires examining the *type* of information at issue and whether its collection resembles a traditionally recognized privacy harm. *Id.* at 993–96. Even the government's retention of names, Social Security numbers, political affiliations, and social media profiles was insufficient because the data was not "so sensitive" that mere collection created a concrete injury. *Id.* at 995–96. Plaintiff's allegations are far weaker. He claims only that routine website-usage and routing data *may* have been intercepted. Opp. at 1, 16–17; Compl. ¶¶ 5, 87. He does not otherwise allege that any Defendant accessed, viewed, or used his data, or that he suffered any harm. Plaintiff's speculation about what *might* have been transmitted cannot establish standing. *Id.*; *Kishnani*, 2025 WL 1745726 at *3.

Because Plaintiff has not identified a concrete injury resembling any recognized privacy harm, he lacks Article III standing.

**V. <u>DEFENDANTS HAVE IMMUNITY UNDER CAL. GOV. CODE § 820.2.</u>**

Plaintiff does not dispute that Defendants are public employees or that the alleged conduct occurred within the scope of their employment. Nor does Plaintiff dispute that he (not Defendants) bears the burden to show Defendants are not immune here. *Keyes v. Santa Clara Valley Water Dist.*, 128 Cal. App. 3d 882, 886 (1982).

Instead, Plaintiff asserts, without support, that Defendants' conduct was

ministerial rather than discretionary. Opp. at 12. That assertion contradicts the Complaint, which alleges Defendants planned, selected, supervised, and governed UCSD Health's website analytics and marketing strategy. Compl. ¶¶ 11-20; *see also id*. ¶¶ 34, 41, 66 (showing how Fullstory, Meta, and Google offer their respective technologies for discretionary use). Plaintiff thus attempts to hold Defendants liable for policy-laden, judgment-based decisions squarely protected by Government Code § 820.2. *See, e.g., Saltares v. Kristovic*, 6 Cal. App. 3d 504, 519 (1970); *San Mateo Union High Sch. Dist. v. Cnty. of San Mateo*, 213 Cal. App. 4th 418, 434 (2013). Plaintiff also cites no authority holding that discretionary decisions about website analytics, data metrics, or digital tools fall outside of statutory immunity.

## VI. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ECPA.

***No facts of wrongdoing against any Defendant***: Plaintiff argues the Complaint is "replete" with allegations establishing liability (Opp. at 13:19-20), but cannot point to a single pled *fact* showing any Defendant listened to, viewed, captured, or transmitted the contents of any communication. This defect is especially glaring because statutory claims like the ECPA must be pled with particularity. *See Covenant Care, Inc. v. Superior Court*, 32 Cal. 4th 771, 790 (2004). Plaintiff otherwise argues Defendants "procured" the third party that allegedly intercepted his information. Opp. at 14-16. This theory fails on the face of the Complaint. Plaintiff does not plead particularized facts showing any Defendant directed Meta, Google, or FullStory to intercept specific communications, controlled how data was captured, or even knew what data was allegedly collected. *Covenant Care*, 32 Cal. 4th at 790.

***Plaintiff's "procurement" theory precludes civil liability as a matter of law:*** Plaintiff's "procurement" theory separately fails because there is no civil liability for it. *See, e.g.*, *Kirch v. Embarq Mgmt. Co.*, 702 F.3d 1245, 1247-48 (10th Cir. 2012); *In re Easysaver Rewards Litig.,* 737 F. Supp. 2d 1159, 1184 (S.D. Cal. 2010); *Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1268-69 (N.D. Cal. 2001).





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiff concedes that these authorities preclude civil liability but argues that they and other decisions within the Ninth Circuit were "wrongly decided." Opp. at 15-16. In support of his argument that an ECPA "procurement" theory allows for civil liability, Plaintiff relies heavily on *Doe 1 v. Scripps Health* ("Scripps"), Case No. 3:23-cv-02215-AGS-DEB (S.D. Cal.), an *unpublished transcript of a hearing* that is not otherwise available in any electronic database (*e.g*., Lexis, Westlaw). While both parties present persuasive cases, Defendants respectfully ask the Court to follow the many well-reasoned authorities cited by Defendants, including published authorities within the Ninth Circuit. Mot. at 21:1-21. The cases cited by Defendants rely on a detailed analysis of legislative intent and statutory interpretation. *See Peavy v. WFAA-TV, Inc*., 221 F.3d 158, 168-169 (5th Cir. 2000) (when Congress amended Wiretap Act to delete civil liability on any other person who "procures" an interception of communication, it limited civil action to person who "engaged" in the violation, because "we must assume Congress meant what it said in the amendment.")

***No contemporaneous interception "in transit" is alleged:*** Plaintiff argues that *Doe v. Eating Recovery Center LLC*, No. 23-cv-05561-VC, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025) and *Torres v. Prudential Financial*, No. 22-cv-7465, 2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) are inapposite only because they were decided at the summary judgment stage. That is a red herring. Plaintiff does not dispute that these cases also stand for the purely *legal* proposition that contents of communications must have been "*read, attempted to [be] read, or attempted to [be] learned*" between Plaintiff and Defendants "while the communications were in transit." *Eating Recovery*, 2025 WL 2971090, at *5 (emph. added). Plaintiff does not dispute that he fails to plead a single fact showing Meta, Google, or Fullstory read, attempted to read, or attempted to learn the contents of Plaintiff's communications while they were allegedly in transit—as required to state an ECPA claim.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

***No contents of any communication are at issue:*** Plaintiff fails to identify the contents of any alleged communication. Opp. at 20-21. The ECPA protects the substance of communications—not non-content information such as URLs, routing data, search queries, or page views at issue here. 18 U.S.C. § 2510(8); *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106–07 (9th Cir. 2014). The collection of metadata like IP address or general location is not actionable. *Kishnani*, 2025 WL 1745726 at *4–5. Plaintiff does not allege that any Defendant intercepted substantive medical communications such as records, diagnoses, or treatment notes. His conclusory invocation of "contents" cannot overcome the absence of well-pleaded facts. *Id*.

***The Crime-Tort exception does not revive Plaintiff's deficient ECPA claim****:* Plaintiff concedes that, in order to state a viable ECPA claim against Defendants, the crime–tort exception must apply. Opp. at 17:16-20. Plaintiff's argument that the alleged violation of another law is enough to invoke the crime-tort exception, contravenes Ninth Circuit precedent. *Sussman v. Am. Broad. Cos*., 186 F.3d 1200, 1202 (9th Cir. 1999) ("[T]he focus is not upon whether the interception itself violated another law; it is upon whether the *purpose* for the interception—its intended use—was criminal or tortious.") (internal quotations & citations omitted) (emph. in original). The crime–tort exception requires *facts* showing Defendants acted with the specific purpose or intent to commit a crime or tort through interception. *Id.* at 1203. Plaintiff alludes to "allegations involving HIPAA" (Opp. at 18:8), but cannot point to any facts demonstrating "an illegal or tortious purpose" that is separate from the alleged collection and disclosure of Plaintiff's communications. *Sussman,* 186 F.3d at 1202. Defendants respectfully ask the Court to follow the well-reasoned authorities cited in their Motion, including decisions involving nearly identical facts—*Nienaber v. Overlake Hosp. Med. Ctr.*, No. 2:23-cv-01159-TL, 2025 WL 692097, at *13 (W.D. Wash. Mar. 4, 2025) (*collecting cases*).

## VII. PLAINTIFF'S INTRUSION UPON PRIVACY CLAIM FAILS.

First, Plaintiff does not meaningfully dispute that he lacked a reasonable expectation of privacy in the non-content data allegedly collected. *See* Mot. at 24–25. California applies an objective test based on the nature and context of the data. *Hill v. Nat'l Collegiate Athletic Assn.,* 7 Cal. 4th 1, 27 (1994). Plaintiff alleges only standard analytics tools captured URLs, IP addresses, and clickstream data during his visit to UCSD Health's website. Compl. ¶ 35. His Opposition identifies no authority recognizing a reasonable expectation of privacy in this routine internet-routing data.

Second, Plaintiff fails to rebut that he has not alleged a "serious" invasion of privacy that would be "highly offensive to a reasonable person." *Hernandez v. Hillsides, Inc.,* 47 Cal. 4th 272, 286 (2009). Plaintiff identifies no misuse, disclosure, or harm resulting from the alleged data collection—no identity theft, financial loss, reputational injury, or intrusion into private affairs. Opp. at 23:12-15.

Third, Plaintiff does not meaningfully dispute that he has failed to allege intentional and intrusive conduct, as required. *See* Opp. at 22:21-28; *Hernandez*, 47 Cal. 4th at 286. He does not allege that *Defendants* accessed medical records, viewed communications, or targeted him individually. Instead, he relies on conclusory assertions that Defendants "implemented" standard analytics tools used by *third parties*—conduct courts have held insufficient as a matter of law. *Compl.* ¶¶ 11-20, 106. Mot. at 25 (citing cases).

Finally, Plaintiff ignores *Hill*'s required balancing of any intrusion against legitimate countervailing interests. *Hill*, 7 Cal. 4th at 37. His theory assumes—without authority—that any transmission of data is automatically actionable, a premise California courts have rejected. *See* Mot. at 24–25 (citing cases).

The Court should dismiss the constitutional privacy claim with prejudice.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## VIII. CONCLUSION.

Defendants respectfully ask that this Court grant their Motion to Dismiss *with prejudice* or, at minimum, stay this action pending resolution of *Porter*.

Dated: January 28, 2026,

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: 
Alexander Vitruk
Teresa C. Chow

*Attorneys for Defendants*
JEFF ENGEL, ERIN LAVIGNA, TIMOTHY CIRAOLO, LAUREN HEDGPETH, SEAN HLAVAC, SANDRA PHILLIPS, JENNIFER LAWRENCE, KIM KENNEDY, HALLIE JOHNSON, and HALLIE JACOBS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES